**B. M. BEHRENDS BANK v. SATRE et al.**

No. 6729–A.

District Court, Alaska.
First Division, Juneau.
Feb. 26, 1953.

918

M. E. Monagle, of Robertson, Monagle & Eastaugh, Juneau, Alaska, for plaintiff.

William L. Paul, Jr., Juneau, Alaska, for defendant Voiles.

FOLTA, District Judge.

In support of the defendant Voile's motion to dismiss it is contended that her liens are prior because (1) express language of Chapter 79, S.L.A.1949 warrants such an interpretation; (2) the defendant had no notice of plaintiff's lien, and (3) the mortgaged property is insufficiently described to impart notice.

 The statute in question declares that the liens created thereby shall be "first liens", from which it may be inferred that the legislature intended to give them priority, although apt expressions usually employed to give liens a preferred status, such as "prior", "preferred", and "paramount", were not used, nor were the liens that were to be relegated to a lower rank specified. But the legislative intent need not be discovered, for, having been passed after plaintiff's mortgage was recorded, the statute may not be availed of as against a right which became vested.

The defendants' second contention likewise is unavailing. The sequence of events is as follows:

(a) The defendant Satre, the lessee of some property and the owner of a business, executed a chattel mortgage to plaintiff;

(b) Satre sold out to Femmer;

(c) Voiles and other workers went to work for defendant Femmer;

(d) Femmer executed a chattel mortgage to plaintiff;

(e) Voiles and other workers filed liens and pursued them to judgment.

 Since the contract of sale from Satre to Femmer was apparently not recorded, the defendant Voiles asserts that she and the workers filed their liens without notice of plaintiff's lien. But, as pointed out by the plaintiff, having recorded its mortgage, it was not required to record the contract of sale between Satre and Femmer. The mortgaged property had not been removed from the district and the lien was in full force and effect at all times. Plaintiff also points out that if the defendant had searched the records she would have found the record of the mortgage from Femmer to the plaintiff and thus would have been under a duty to make further inquiry; and, further, that since a search of the records in the name of their employer Femmer would have disclosed no recorded interest in the property, they would have been put on notice that it was owned by some one else.

 Although neither of these contentions is meritorious so far as constructive notice of plaintiff's first mortgage lien is concerned, they do show a lack of diligence in ascertaining what an examination of the records would have disclosed. The fact that the plaintiff had done all that was required of it to preserve its lien suffices to dispose of the contention that there was no constructive notice.

 Likewise unavailing is the third contention. The description of the mortgaged property appears to be sufficient to enable a third person, aided by inquiries which the mortgage suggests, to identify the property. It recites the address at which the property was located at the time it was mortgaged, the name of the business in which it was used, the classes or kinds of articles and finally a copy of the inventory thereof was attached to and made a part of the mortgage.

Defendant argues that because the business, conducted in the name of "The Sugar Bowl", was moved from the premises described to another building several hundred feet away, the description became insufficient. It is doubtful whether any authority could be found to support this novel contention that a mortgagee must file an amendment to the original mortgage whenever the mortgaged property

is moved. Manifestly, such a requirement would be unreasonable and impracticable.

It should also be noted that it does not appear what chattels the defendant Voiles claims an interest in by way of a lien.

The motion to dismiss is denied and 12 days allowed for answer.